## SUPREME COURT.

### Shoe & Leather Bank agt. Camp.

### Same agt. Field.

Where the answer set up a verbal agreement that the plaintiff (a bank) should discount the note of the defendant, but the same should be paid at maturity by the president of the bank, who was indebted to the defendant, and the defendant should not be liable thereon, *held* no defence. The verbal agreement contradicted the note. Stricken out.

*New York Special Term, June*, 1861.

Motions to strike out portions of the answer in each case.

Mullin, Justice. The motions to strike out portions of the answers in these cases must be granted.

The facts alleged by way of defence are, that when the notes were made, Stout, the president of the plaintiff, was indebted to Field in a large sum of money, and it was agreed by and between Field, Stout and the bank, that Field should make his notes to be indorsed by Camp, and the bank would discount them, pass the notes to Field's credit, and Stout would pay them, or cause them to be paid. The plaintiff moves to strike out all except as to the payment by Stout.

If Stout has paid the notes, the portion of the answer which alleges payment, is all that is necessary to enable the defendants to make that defence available. The other matters would only be evidence and not pleadable.

If the defendant means to set up an agreement by the bank to accept Stout as its debtor, and that the defendant was by that agreement discharged from all liability on the papers, such an agreement is no defence.

The defendant says the agreement was made at or about the time the note was given. If the bank, concurrently with the making and discount of the note, agreed that the defendant should not be liable upon it, (for that is the proposition,) the verbal agreement contradicts the writing, and is not available for that reason.

There is no consideration whatever alleged or shown to support such an agreement.

For these and other reasons which might be given, I think the motion should be granted, with $10 costs in each case.